THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Norman M.
 McLean, James N. McLean, Marie McLean-Choi, William N. McLean, Robert L.
 McLean, and JL McLean Properties, LLC, Appellants,
v.
James B. Drennan, III, as Personal Representative of the Estate of Elizabeth McLean
 Pence, James E. Brogdon, Sr., as Trustee of the Trust Agreement of Elizabeth
 McLean Pence dated May 28, 1999, Wachovia Bank National Association, as
 Personal Representative of the Estate of Elizabeth P. Pence, Wachovia Bank
 National Association, as Trustee of the Elizabeth P. Pence Trust, Marlboro
 Academy, Inc., Charles P. Thompson, Jr., Cheri (Cheryl) Brown Thompson, Money
 to Go, LLC, James J. Pence, Jr., as Personal Representative of the Estate of
 Stephen Pence, and Harry R. Easterling, Jr., Respondents.
 
 
 

Appeal From Orangeburg County
 Diane Schafer Goodstein, Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-517
Heard October 20, 2011  Filed November
 29, 2011   

AFFIRMED

 
 
 
David Alexander, of Greenville, for
 Appellants.
Edward Bilbro Davis, of Charlotte, Harry
 R. Easterling, Sr., of Bennettsville, James Randall Davis, of Lexington,
 Jeffrey L. Payne and J. Rene Josey, both of Columbia, John J. James, II, of
 Darlington, Matthew H. Henrikson, of Greenville, and W. Cliff Moore, III, of
 Columbia, for Respondents.
 
 
 

PER CURIAM:  Appellants Norman M. McLean, James N.
 McLean, Marie McLean-Choi, William N. McLean, Robert L. McLean, and JL McLean
 Properties, LLC (collectively Appellants) appeal from the grant of summary
 judgment in favor of Respondents.  We affirm.
1.  As to the grant of
 summary judgment in favor of Respondents James B. Drennan, III, Wachovia Bank
 National Association, Marlboro Academy, Inc., Charles P. Thompson, Jr., Cheri Brown
 Thompson, Money to Go, LLC, James J. Pence, Jr., and Harry R. Easterling, Jr.,
 we find Appellants, as contingent beneficiaries, were bound by the actions of
 Respondent James E. Brogdon, Sr., (Brogdon) in his capacity as trustee of the
 Trust Agreement of Elizabeth McLean Pence (the Trust).  See S.C. Code
 Ann. § 62-1-403(2)(ii) (Supp. 2010) ("[I]n judicially supervised
 settlements . . . orders binding a trustee bind beneficiaries of the trust . .
 . in proceedings involving creditors or other third parties . . . ."); S.C.
 Code Ann. § 62-7-103(2)(A) (2009) (defining beneficiary as a person that
 "has a present or future beneficial interest in a trust, vested or
 contingent"); S.C. Code Ann. § 62-7-303(a)(4) (2009) ("[A] trustee
 may represent and bind the beneficiaries of the trust with respect to questions
 or disputes involving the trust.").  As a result of the court-approved
 settlement of prior litigation involving the Trust, the two disputed Orangeburg
 properties were transferred as part of the Estate of Elizabeth McLean Pence and
 not as part of the Trust.  See S.C. Code Ann. § 62-3-1101 (Supp. 2010) ("A
 compromise of a controversy as to admission to probate of an instrument offered
 for formal probate as the will of a decedent . . . if approved by the court
 after hearing, is binding on all the parties . . . .  An approved compromise is
 binding even though it may affect a trust . . . .").  Thus, we find
 Appellants are bound by Brogdon's failure to take action in the prior
 litigation to ensure that the disputed properties became assets of the Trust.  See Rule 60(b), SCRCP (noting a motion for relief from judgment for mistake,
 inadvertence, surprise, or excusable neglect must be made not more than one
 year after entry of the judgment); S.C. Code Ann. § 62-3-803 (2009) (setting
 forth a one-year statute of limitations for presenting a claim against a
 decedent's estate).
2.  As to the grant of summary
 judgment in favor of Brogdon, we find there is no question of material fact
 based on Appellants' own deposition testimony that Appellants knew or should
 have known Brogdon was acting on their behalf when he participated in the
 settlement of the Trust litigation in February 2002.  See S.C. Code Ann.
 § 62-7-104(a) (2009) ("[A] person has knowledge of a fact if the person: 
 (1) has actual knowledge of it; (2) has received a notice or notification of
 it; or (3) from all the facts and circumstances known to the person at the time
 in question, has reason to know it."); Epstein v. Coastal Timber Co.,
 393 S.C. 276, 281, 711 S.E.2d 912, 915 (2011) (noting a trial court may grant
 summary judgment if there is no genuine issue as to any material fact and the
 moving party is entitled to a judgment as a matter of law); Holly Woods
 Ass'n of Residence Owners v. Hiller, 392 S.C. 172, 183, 708 S.E.2d 787, 793
 (Ct. App. 2011) ("Under the discovery rule, the three-year clock starts
 ticking on the date the injured party either knows or should have known by the
 exercise of reasonable diligence that a cause of action arises from the
 wrongful conduct.") (internal quotation marks omitted); Martin v.
 Companion Healthcare Corp., 357 S.C. 570, 576, 593 S.E.2d 624, 627 (Ct.
 App. 2004) ("[W]e approach this inquiry by deciding whether the
 circumstances of the case would put a person of common knowledge and experience
 on notice that some right of his has been invaded, or that some claim against
 another party might exist.") (internal quotation marks omitted).[1]  
 AFFIRMED.
HUFF
 and PIEPER, JJ., and CURETON, A.J., concur.

[1] Based on our disposition herein, we need not consider
 the remaining issues on appeal.  See Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting
 where one issue is dispositive, the remaining issues need not be addressed).